J.A. WHITTENBURG, III; Roger Horchow; Tradewind Airport Corporation; and Sapello Ranch Co., Plaintiffs,

v.

L.J. HOLDING CO. and Learjet, Inc., Defendants.

Civ. A. No. 92–1104–DES.

United States District Court, D. Kansas.

Dec. 3, 1993.

Robert E. Durrett, Coombs & Standlee, Chartered, Wichita, KS, Jody Sheets, Clay Holcomb, Sheets & Holcomb, Amarillo, TX, for J.A. Whittenburg, III, Roger Horchow, Tradewind Airport Corp., Sapello Ranch Co. and G.H. Riffe.

Kenneth R. Lang, Pamela S. Clancy, Morrison & Hecker, Wichita, KS, for L.J. Holding Co. and Learjet Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the plaintiffs' post-trial motion for prejudgment interest (Doc. 230). For the reasons stated below, the plaintiff's request for an award of prejudgment interest is denied.

■ The jury awarded the plaintiffs $556,000 in compensatory damages for the negligent actions of the defendants on November 21, 1990, on the basis of diminution of value to plaintiffs' plane. As to the claim on which the plaintiffs prevailed, the amount of damages was the primary issue in dispute. Under Kansas law,[1] the plaintiffs' claim for damages as a result of defendants' negligence was therefore not liquidated until the date the jury returned its verdict. *See Plains Resources, Inc. v. Gable*, 235 Kan. 580, 682 P.2d 653, 657 (1984) (claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or become definitely ascertainable). As the plaintiffs apparently acknowledge, they are not therefore statutorily entitled to prejudgment interest under Kansas law.[2] *See* K.S.A.

1. The purchase agreement between the parties to this diversity case designated that Kansas law would apply to any contract dispute. The parties have agreed that Kansas law also applies to the plaintiffs' negligence claims and to the availability of prejudgment interest.

2. The plaintiffs do not contend that the Kansas statute entitles them to prejudgment interest "for

16–201 (creditors entitled to interest for money due on settlement of account from the day of liquidating the account and ascertaining the balance); *see also Royal College Shop, Inc. v. Northern Ins. Co.,* 895 F.2d 670, 673–74 (10th Cir.1990) (applying Kansas law) (if claim is liquidated, prejudgment interest must be awarded) (citations omitted).

■ Plaintiffs, however, rely on an equitable exception, judicially recognized in Kansas, to the general rule that prejudgment interest is allowable only on liquidated claims. *See Farmers State Bank v. Production Credit Ass'n,* 243 Kan. 87, 755 P.2d 518, 528 (1988) (unliquidated claim for damages generally does not draw interest prior to judgment or some other means of liquidation) (citing *Kearney v. Kansas Public Service Co.,* 233 Kan. 492, 665 P.2d 757 (1983)); *Schatz Distributing Co., Inc. v. Olivetti Corp.,* 7 Kan.App.2d 676, 647 P.2d 820, 826 (1982) (prejudgment interest generally not allowable on claim for unliquidated damages), *quoted in Royal College Shop,* 895 F.2d at 675. The Kansas courts have held that the trial court has the discretion to award prejudgment interest under certain circumstances when necessary to provide full compensation, even if the primary damages are unliquidated. *See id.; see also Farmers State Bank,* 755 P.2d at 528–29 (district court has discretion to award prejudgment interest on unliquidated claim when defendant has had use of money, plaintiff has been deprived of use of money, and award is necessary for full compensation) (citation omitted).

The seminal Kansas case on the discretionary award of prejudgment interest is *Lightcap v. Mobil Oil Corp.,* 221 Kan. 448, 562 P.2d 1, *cert. denied,* 434 U.S. 876, 98 S.Ct. 228, 54 L.Ed.2d 156 (1977). The reasoning in that case is instructive. The court held that the defendant and its predecessor actively

used plaintiffs' money, and as a result the plaintiffs were deprived of its use. *Id.* 562 P.2d at 16. The court concluded, based upon equitable principles, that the plaintiffs were therefore properly compensated for their loss by the trial court's award of prejudgment interest. *Id.*

In contrast to the reasoning in *Lightcap* underlying the creation of an equitable exception to the general rule, the plaintiffs in this case did not seek restitution for money obtained by the defendants that rightfully belonged to the plaintiffs.[3] In fact, the plaintiffs have not realized any monetary loss whatsoever as a result of the defendants' negligence. Immediately after the plane was damaged by the defendants' negligence, the defendants repaired the damage, at no cost to the plaintiffs. Nor did plaintiffs suffer any loss of use of the plane while it was undergoing repairs. Furthermore, the plaintiffs, with the exception of Tradewind Airport Corporation, have collectively retained their legal and beneficial interests in the plane. Rather than restitution, the plaintiffs sought and received an award of compensatory money damages for diminution of the plane's fair market value.

In *Lightcap,* the Kansas Supreme Court noted that interest is compensation allowed by law for the use, detention, or forbearance of *money.* 562 P.2d at 16; *see Farmers State Bank,* 755 P.2d at 528 (district court has discretion to award prejudgment interest on unliquidated claim when defendant has had use of money and plaintiff has been deprived of its use). The defendants in this case did not make use of plaintiffs' money just because they refused to settle plaintiffs' claim for diminution of the airplane's value, the amount of which was disputed. Plaintiffs do not contend that the defendants' dispute

money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts...." *See* K.S.A. 16–201; *see also Lippert v. Angle,* 211 Kan. 695, 508 P.2d 920, 927 (1973).

3. Compare the facts in *Farmers State Bank,* 755 P.2d at 520–23, in which the plaintiff recovered prejudgment interest on an unliquidated claim. There, the defendant, an unsecured creditor, obtained the proceeds of a sale of cattle in which the plaintiff held a secured, but unperfected interest. The Kansas Supreme Court determined that the plaintiff's interest in the collateral was superior to that of the defendant, so the plaintiff was entitled to recover from the defendant the cash proceeds of the cattle sold with the defendant's knowledge. 755 P.2d at 528. The court, citing *Lightcap,* went on to hold that the trial court properly exercised its discretion in awarding prejudgment interest from the date the cattle were sold. 755 P.2d at 528–29.

of the claim was in bad faith. Indeed, the widely varying expert testimony presented at trial as to the amount of the plane's reduced value, even by the plaintiffs' own experts, persuades the court that the disagreement as to the amount of plaintiffs' damages was in good faith.

Having considered the particular facts of this case, the court in its discretion concludes that an equitable award of prejudgment interest to the plaintiffs is not warranted.

**IT IS BY THE COURT THEREFORE ORDERED** that the plaintiffs' motion for prejudgment interest (Doc. 230) is hereby denied.